IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELA D. NAILS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1267-GBW |
| BUDDHA POWER STORE, | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiff Angela D. Nails filed this action on September 3, 2021. (D.I. 2) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6)  On July 29, 2022, the Court dismissed the action without prejudice for Plaintiff's failure to comply with the May 10, 2022 order that required her to request issuance of summons after Defendant did not return an executed "waiver of service of summons form."  (D.I. 10)  Plaintiff moves for reconsideration on the grounds that there was a lapse of time in reviewing and granting her *in forma pauperis* documents which caused service to extend beyond the 90-day service rule.  (D.I. 11)  Plaintiff submitted USM-285 forms for Defendant ten days after she filed the motion.  (D.I. 12)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors

1

of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The case was dismissed because Plaintiff failed to timely request issuance of summons once Defendant failed to return an executed waiver of service of summons that, in turn, resulted the failure to serve Defendant pursuant to Fed. R.

Civ. P. 4(m).   Plaintiff did not request issuance of summons even after the July 29, 2022 Order advised Plaintiff of her failure to do so.   Instead, she submitted USM-285 forms for Defendant; nothing else.

Upon review, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's July 29, 2022 dismissal order.   Therefore, the motion for reconsideration will be denied.

For the above reasons, the Court will deny Plaintiff's motion.   (D.I. 11) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

October 3, 2022
Wilmington, Delaware